' Argued and submitted April 3, affirmed April 23, 1985

In the Matter of
James A. Ormsby, Claimant.

ORMSBY,
*Petitioner on Review,*

*v.*

ADULT AND FAMILY SERVICES DIVISION,
*Respondent on Review.*

(5-1001-DQL674-8; CA A29960; SC S31458)

699 P2d 165

David C. Force, Eugene, Oregon, argued the cause and filed the brief for petitioner on review.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Amy Veranth, Legal Aid Service, Portland, filed an *amicus curiae* brief for Burnside Community Council and Oregon Human Rights Coalition.

Roberta J. Lindberg, Lane County Legal Aid Service, Eugene, filed an *amicus curiae* brief for Lane County Clients Council.

PER CURIAM

## PER CURIAM

We allowed review in this case to consider whether the Adult and Family Services Division (AFSD) of the Department of Human Resources acted beyond its authority in cancelling petitioner's general assistance grant.

Petitioner has received general assistance (GA) benefits for over 20 years because his schizophrenic mental condition rendered him unemployable. In June 1983 he came to the attention of AFSD when he applied for admission to a work rehabilitation program. As a result of this contact he was advised that he did not meet "the criteria for the general assistance program" and that his general assistance was to be terminated. Petitioner requested a hearing in which testimony was presented by a licensed psychologist to the effect that petitioner is unable to seek and maintain competitive employment and recommended placement in a supervised work rehabilitation program. The agency's medical review team which is made up of a program specialist, three registered nurses, and consulting physicians when the situation requires specialized expertise, OAR 461-05-230, concluded that petitioner is employable. The AFSD hearings officer agreed and issued an order cancelling petitioner's grant. After petitioner sought judicial review, AFSD reconsidered its order but affirmed its prior decision. The Court of Appeals affirmed without an opinion.

ORS 411.111 provides:

> "For the purpose of eliminating from the public assistance rolls all persons for any reason not entitled to the benefits being granted, any application for or grant of public assistance is subject to investigation, certification, review and reconsideration from time to time and as frequently as is required by the rules and regulations of the division, and is subject to change or cancellation when the circumstances are not verified or have changed sufficiently to warrant such action; and for this purpose the division may employ and fix the compensation of such persons as it finds necessary and advisable."

Petitioner argues that this statute authorizes grant cancellation only when the circumstances that originally qualified a recipient for assistance are discovered to have been unverified or when the circumstances were originally verified but have since changed. If the first statutory provision applies here,

AFSD was required, petitioner contends, to determine that the circumstances when petitioner first qualified for general assistance some 20 years ago were unverified in order to terminate his benefits. If the second provision applies, AFSD was required to make a finding of the changed circumstances.[1] Since AFSD failed to make either finding, petitioner claims that the agency acted beyond its authority.

AFSD responds that when other statutory provisions and administrative rules are considered in conjunction with ORS 411.111, it is clear that petitioner's interpretation of ORS 411.111 is erroneous. We agree and affirm the Court of Appeals decision.

ORS 411.710 and ORS 411.730 give broad rulemaking authority to AFSD and require that eligibility for general assistance benefits be determined in accordance with agency rules.

ORS 411.710(1) provides:

"General assistance shall be granted in accordance with the rules and regulations of the division and on the basis of need, taking into account the income, resources and maintenance available to the individual from whatever source derived and his necessary expenditures and the conditions existing in each case."

and ORS 411.730 provides:

"The Adult and Family Services Division shall receive all applications for general assistance, and shall determine in accordance with its rules and regulations the eligibility for and the amount of the assistance which any person shall receive."

The following rules were applicable to petitioner's claim. OAR 461-05-305 provided in relevant part:

"General assistance is provided to assist specific needy groups of persons who are not eligible for any other assistance program. In addition to being a person included in one of these groups, the person must meet the specific eligibility criteria for the general assistance program. The following groups may be considered for general assistance eligibility:

---

[1] At oral argument before this court petitioner continued to assert a lack of evidence regarding changed circumstances. Because of our disposition of this case for lack of verification of present circumstances entitling petitioner to benefits, the lack of evidence of changed circumstances is immaterial to the success of petitioner's claim.

"(1)    Unemployable persons: * * *."

OAR 461-05-311 defined unemployable as follows:

"A person is considered unemployable when a short-term diagnosis of physical or mental incapacity as certified by a licensed medical professional as specified in Rule 461-05-315 prevents the person from engaging in any type of gainful employment. The condition must be expected to last for a period of 60 days or more from the date of request."

Rules specifically addressing the determination of eligibility are: OAR 461-02-500 which provided:

"Where an individual has been determined to be eligible, eligibility will be reconsidered or redetermined:

"(1)    When required on the basis of information the agency has obtained previously about anticipated changes in the individual's situation;

"(2)    Promptly, after a report is obtained which indicates changes in the individual's circumstances that may affect the amount of assistance to which he/she is entitled or may make him/her ineligible; and

"(3)    Periodically, within established time standards, but not less frequently than every 6 months for * * *, GA, * * * recipients."

and OAR 461-05-035(1) which provided:

"All eligibility factors must be verified and documented:

"(a)    Before establishing the assistance grant; and

"(b)    When the case is selected for review by AFS; and

"(c)    As required by AFS."

and OAR 461-09-097(5) which provided:

"The burden of presenting evidence to support a fact or position rests on the proponent of the fact or position. Per Rule 461-04-200, [applicant/recipient] must establish initial and continuing need for public assistance. Therefore, the burden of proof is on the client to prove initial and continuing eligibility for assistance."

■    AFSD proposes that ORS 411.111 should be construed to read as follows: "* * * any * * * grant of public assistance is subject to * * * reconsideration * * * and is subject to change or cancellation when the circumstances are not verified or have changed sufficiently to warrant such action;

* * *." When so read it is clear that the requirement for verification refers to current circumstances because it is in the present tense.

We agree with AFSD that the statute contemplates periodic review to determine whether all eligibility factors continue to be verified. Verification of eligibility is an ongoing process and is not limited to the initial grant of assistance or a change of circumstances. The statute allows cancellation of general assistance benefits when circumstances showing present entitlement to benefits are not verified.

It should be noted that AFSD does not purport to have authority to reevaluate eligibility under new criteria without first promulgating new criteria by rule. The agency acknowledges that the only circumstances that must be verified are those meeting the eligibility requirements so long as such requirements are defined in properly enacted administrative rules.

Petitioner also contends that legislative history demonstrates that the statute was intended to limit the administrative discretion in cancelling grants. The legislation referred to was HB 1218 which was passed by the 1969 legislature, Oregon Laws 1969, chapter 68. While the bill contained as new language the disputed ORS 411.111 language, it also dealt with a simplified method of determining eligibility by allowing the use of a statement form that could be filled out by the applicant. The minutes of the legislative hearings relied upon by petitioner indicate that the witnesses' comments were directed to the latter portion of the bill. There is no reference to the language we are called upon to interpret in this case. We fail to see how this legislative history has any bearing here.

Affirmed.